# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* STEVEN J. CASEY (No. 2). June 3, 2004. *Practice, Criminal,* Plea. *Constitutional Law,* Plea.

Four months after the defendant was tried and convicted in Bristol Superior Court of rape of a child and indecent assault and battery on a child under the age of fourteen years, he pleaded guilty in Plymouth Superior Court to the instant indictments, one alleging rape of a child, two alleging indecent assault and battery on a child under fourteen years of age, and one alleging indecent assault and battery on a child over fourteen years of age. He was ordered to serve the sentences on the indictments to which he pleaded guilty concurrently with the sentences that he was already serving. The judge was the same in both cases.

More than three years later, the defendant filed a motion for a new trial in the Bristol County convictions and a motion to withdraw the guilty pleas entered in Plymouth County. The motions were heard together. The motion for a new trial was allowed on the ground that an alternate juror had been present in the jury room for the approximately two minutes at the beginning of deliberations. The Commonwealth appealed, and today we vacated the order granting a new trial. See *Commonwealth v. Casey (No. 1), ante* 1, 10 (2004). The judge denied the defendant's motion to withdraw the guilty pleas after finding that the defendant knowingly and voluntarily pleaded guilty. The defendant appeals from that denial. We granted the defendant's application for direct appellate review.

The defendant argues that the judge abused his discretion by denying the motion to withdraw the guilty pleas because his decision to plead guilty was brought about by defense counsel's ineffective assistance. The defendant bases his claims on his reliance on the validity of his earlier convictions and his ignorance of any grounds on which those convictions could be overturned. The defendant contends that his decision to plead guilty was therefore not voluntary and intelligent. See *Commonwealth v. Robbins,* 431 Mass. 442, 449 (2000). There is no merit to the defendant's claim. He could not have been unaware of a possibility that his convictions could be overturned because his appeal from the earlier convictions was pending when he pleaded guilty to the indictments in question. In addition, the record of the earlier trial reveals, and the judge found, that the defendant was present during the discussion at which the judge informed the parties that the alternate juror's presence in the jury room "probably is grounds for a mistrial," undercutting his present claim that

he had no knowledge that his attorney could have moved for a mistrial. See *Commonwealth* v. *Casey (No. 1)*, *supra* at 4-7.[1]

Finally, the judge engaged the defendant in plea colloquy, which adequately indicates that the defendant was aware of the consequences of his guilty pleas. The judge's denial of the motion to vacate the guilty pleas was not an abuse of discretion where the pleas were voluntarily and intelligently made. See *Commonwealth* v. *Colantonio*, 31 Mass. App. Ct. 299, 302 (1991), quoting *Commonwealth* v. *Moore*, 408 Mass. 117, 125 (1990) ("Reversal . . . is particularly rare where the judge acting on the motion was also the [plea] judge").

*Order affirmed.*

*David A.F. Lewis* for the defendant.

*Carolyn A. Burbine*, Assistant District Attorney (*Steven E. Gagne*, Assistant District Attorney, with her) for the Commonwealth.

---

[1]Defense counsel's decision to forgo moving for a mistrial did not constitute ineffective assistance. It was a strategic decision that was not manifestly unreasonable based on the jury's disclosure of their "unofficial vote," which at the time revealed a likelihood of acquittal. *Commonwealth* v. *Casey (No. 1)*, *ante* 1, 6 (2004).

